IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD WIEDMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No.08-3548 |
| CITYWIDE BANKS | : | |

### ORDER-MEMORANDUM

AND NOW, this 15th day of January, 2009, "Defendant Citywide Banks' Motion to Dismiss for Lack of Personal Jurisdiction" (docket no. 3) is granted, and this action is dismissed for lack of personal jurisdiction over defendant.

Defendant correctly asserts that no basis exists for the exercise of either specific or general personal jurisdiction by this court. The action arises from a loan agreement entered into by the parties in 1997. At that time, plaintiff was a Colorado resident. Defendant is a corporation domiciled and incorporated under the laws of Colorado. It is a local Colorado bank and does not regularly do business in Pennsylvania, and plaintiff does not maintain that it does. Instead, plaintiff's argument in favor personal jurisdiction is based on (1) defendant's constructive knowledge that plaintiff moved to Pennsylvania in 2006; (2) written correspondence and e-mails that plaintiff received from defendant in Pennsylvania in response to his threats of litigation; and (3) defendant's website, which offers its customers national wire transfers and merchant credit card services. Plaintiff reasons that a large check clearinghouse is located in Philadelphia, and defendant must make use of it through the services it offers.

The first two theories cited are insufficient for the exercise of specific jurisdiction in that they do not constitute "manifest behavior intentionally targeted at and focused on the forum." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) (citations omitted). Merely stating that defendant knew that plaintiff moved to Pennsylvania is not enough for the exercise of specific jurisdiction. Id. As to the correspondence, defendant is correct that the contacts noted by plaintiff do not form the basis of his claim, but were, instead, sent in the context of the legal action. Because the cause of action does not "arise[] from the defendant's forum-related activities," the activities cannot form the basis for the exercise of specific jurisdiction. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996)(citations omitted).

Plaintiff urges that defendant's engagement in national wire transfers on behalf of its customers and the issuance of merchant credit card services to its customers are adequate for the exercise of general jurisdiction over defendant. However, the contacts described are not "continuous and systematic." They are not "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities."[1] Barrett v. Catacombs Press, 44 F.Supp.2d 717, 723 (E.D. Pa. 1999). Even if they were, plaintiff offers no evidence that these services actually do bring defendant into contact with Pennsylvania, only his belief that they must. Plaintiff's memorandum, at 7,8.

---

[1] Also, plaintiff's claim does not arise from these activities - as described by plaintiff, this case "relates to Defendant's incorrect reporting of [a] transaction with the credit bureaus, and its subsequent refusal to correct the error." Plaintiff's memorandum, at 1 (docket no. 5).

("Are we to believe that none of its wire transfers or credit card services have been engaged to or from persons in the Commonwealth of Pennsylvania?" . . . Are we to believe that no customer of Citywide Banks has cashed a check from their grandmother in New Jersey, or received a payment drawn on an account from Wachovia Bank, or MBNA, or PNC, or any of the other large banks in this Federal District?").[2]

Plaintiff has not shown an adequate basis for the exercise of specific or general jurisdiction over defendant, and this action, accordingly, must be dismissed.[3]

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.[3]

---

[2] Plaintiff's memorandum notes that he had served discovery on defendant relating to its contacts with this forum, and that he would supplement his response upon receipt of the discovery responses. Four months have passed and no supplement has been filed to date.

[3] Two other motions are pending: "Plaintiff's Motion to Remand Action to State Court" (docket no. 4), and "Defendant Citywide Bank's Emergency Motion to Dissolve State Court Injunction Entered Three Weeks After Removal" (docket no. 6). If personal jurisdiction over Citywide did exist, those motions would be ruled on as follows:

Motion to Remand: denied, because both diversity and federal question jurisdiction exist. As to the former, plaintiff contends that the amount in controversy does not exceed $75,000. Plaintiff's motion, ¶¶ 5, 6. He estimates damages at approximately $62,000, consisting of the value of the two vehicles whose title is at issue ($35,000), plus the difference between his present mortgage payments and the payments at a lower interest rate but for defendant's notation on his credit report ($9000, or $27,000 if trebled under UTPCPL). To this figure, defendant would add forgiveness of the debt currently owed to defendant, plus interest ($12,639), and attorneys fees. See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the

---

(Cont.)

statutory cause of action."). The UTPCPL permits recovery of attorneys fees. This raises the amount in controversy to well over $75,000. The amount in controversy is satisfied and diversity jurisdiction is present.

     Federal question jurisdiction is also present. The gist of plaintiff's claim is that defendant violated the Fair Credit Reporting Act by failing to remove a negative notation from his credit report more than seven years after their dispute was settled. This is the basis of his UTPCPL and defamation claims, and his request for equitable relief. "The state suit need not invoke a federal law in order to 'arise under' it for removal purposes. It is sufficient that the merits of the litigation turn on a substantial federal issue that is 'an element, and an essential one, of the plaintiff's cause of action.'" U.S. Express Lines, Ltd v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002). Plaintiff's claims "arise under" the FCRA, and federal question jurisdiction is present.

     With respect to the motion to dissolve, defendant is correct that the order entered by the state court is a nullity and should be vacated, because it was entered after the case was properly removed to this court. The relevant timeline is as follows:

     1. July 3, 2008, plaintiff commences this action in the Court of Common Pleas of Philadelphia County. State court docket, Exhibit "A" to defendant's motion.
     2. July 25, 2008, plaintiff serves the complaint on defendant. Id.
     3. July 28, 2008, defendant files a Notice of Removal in this court. Federal court docket, Exhibit "B" to defendant's motion.
     4. July 29, 2008, defendant files a "Notice of Filing of Notice of Removal" in state court. Exhibit "A".
     5. August 18, 2008, state court enters an order granting plaintiff's motion for special injunction. Exhibit "A".

     The filing of the Notice in state court divested the state court of jurisdiction. 28 U.S.C. § 1446(d) (Defendant "shall file a copy of the notice [of removal] with the clerk of [the] State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). The state court had no authority to enter any order after defendant properly removed the case to this court, and the order granting plaintiff's motion is a legal nullity. Brown v. Kerkhoff, 462 F.Supp.2d 976, 980 (S.D. Iowa 2006), citing Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992. See also Fischman v. Fischman, 470 F. Supp. 980, 983 (E.D. Pa. 1979) (following removal, exclusive jurisdiction is vested in federal court, thus plaintiff's filings in state court following removal were void and properly vacated).